**FILED**

**NOVEMBER 27, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**07 C 6662**

| | | |
|---|---|---|
| DIANE MADSEN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. _____ |
| **v.** | ) | |
| | ) | **JUDGE ANDERSEN** |
| **GALDONI, LLC** | ) | **MAGISTRATE JUDGE ASHMAN** |
| **d/b/a/ VESUVIO CAFÉ and** | ) | |
| **CAFÉ VESUVIO,** | ) | <u>**Jury Trial Demand**</u> |
| | ) | |
| **Defendant.** | ) | |

<u>**COMPLAINT**</u>

NOW COMES the Plaintiff, DIANE MADSEN (hereinafter "Plaintiff" and/or "Madsen"), by and through her undersigned Counsel, and upon knowledge and belief as to all allegations of which she so possesses and upon information and belief as to all other allegations, complains of the Defendant, GALDONI, LLC d/b/a VESUVIO CAFÉ and CAFÉ VESUVIO (hereinafter "Defendant" and/or "Vesuvio") as follows:

<u>**NATURE OF THE CASE**</u>

1.      This is a case about shocking and offensive gender and pregnancy discrimination perpetrated against a young working mother of two children.  In this four (4) Count Complaint, Plaintiff MADSEN seeks redress for Defendant's callous and egregious gender discrimination, pregnancy discrimination, harassment, unlawful termination, and related illegal conduct constituting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), The Pregnancy Discrimination Act of 1978, amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(k), The Civil Rights Act of 1866, 42 U.S.C. § 1981, and

1

Intentional Infliction of Emotional Distress.

2.      Plaintiff Madsen is the victim of Defendant's shocking and egregious gender and pregnancy discrimination perpetrated against and directed at her.

3.      Plaintiff Madsen was an outstanding employee of Defendant that made substantial contributions to Defendant's operations, and during all relevant times performed her job responsibilities in a manner that met or exceeded Defendant's legitimate business expectations.

4.      Plaintiff Madsen was subjected to continuous, egregious, and shocking discrimination on the basis of her gender (female) and pregnancy, and she was terminated on the basis of her gender and pregnancy, and in retaliation for her reports/complaints about illegal and unlawful activity, and discrimination perpetrated against her.  There was no legitimate non-discriminatory basis for her termination.

5.      Plaintiff Madsen has suffered extreme emotional distress, lost wages, lost benefits, and other significant damages as a direct and proximate result of the Defendant's illegal conduct as alleged herein.

## JURISDICTION AND VENUE

6.      The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343(3) and (4), 1658 and 2201 and 2202.  This is a suit authorized and instituted pursuant to the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000 et seq., as amended by the "Civil Rights Act of 1991," and the "Civil Rights Act of 1866," 42 U.S.C. § 1981 and 1981(a).  Supplemental jurisdiction over Plaintiff's Illinois state law claim is conferred by 28 U.S.C, § 1367(a).

7.      Venue is proper in the Eastern District of Illinois pursuant to 28 U.S.C. §1391(b) and (c).  Defendant Vesuvio resides and does business in the Eastern District of Illinois and the

Plaintiff is a resident of the Eastern District of Illinois. Vesuvio is subject to personal jurisdiction in the State of Illinois for the purposes of this lawsuit. All or a substantial part of the events giving rise to the claim occurred within this judicial district.

## PARTIES

**a.    Plaintiff:**

8.    Plaintiff Diane Madsen is a resident of the City of Elgin, the County of Kane, and the State of Illinois. Plaintiff Madsen is female.

9.    Plaintiff Madsen was employed by Vesuvio Café from approximately April 2005 through the date of her illegal termination on March 27, 2006.

**b.    Defendant:**

10.    Defendant Vesuvio an Illinois Limited Liability Corporation doing business in the State of Illinois. Defendant Vesuvio is a restaurant operating in Westchester, Illinois.

11.    Defendant Vesuvio is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq.

## PROCEDURAL REQUIREMENTS

12.    Plaintiff Madsen fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991.

13.    Plaintiff Madsen filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on April 28, 2006, alleging violations of Title VII. *See April 28, 2006, Charge of Discrimination attached hereto as Exhibit "A."*

14.    The commission issued a "Notice of Right to Sue (Issued on Request)" dated August 28, 2007. *See August 28, 2007 Notice of Right to Sue, attached hereto as Exhibit "B."*

15.    Plaintiff Madsen has timely filed this lawsuit within ninety (90) days from the date of the August 28, 2007 Notice of Right to Sue. *See Exhibit "B."*

## COMMON ALLEGATIONS

16.    During all relevant times herein, Defendant Vesuvio was and is an employer as defined by Title VII.

17.    During all relevant times herein, Plaintiff Madsen was an employee of Defendant as defined by Title VII.

18.    Plaintiff is a female.

19.    Plaintiff was pregnant from approximately May of 2005 through January 6, 2006.

20.    Plaintiff was hired by Defendant in April of 2005, and worked for Defendant until the date of her unlawful termination on or about March 27, 2006.

21.    Plaintiff held the position of a full-time server with Vesuvio.

22.    Plaintiff excelled in her position and was an outstanding server that met and/or exceeded Vesuvio's legitimate business expectations.

23.    On an ongoing, continuing, and escalating basis from June of 2005, through the date of her unlawful termination, Plaintiff Madsen was subjected to repeated and pervasive discrimination and harassment because of her gender and pregnancy.

24.    Defendant intended to discriminate against and harass Plaintiff on the basis of her gender (female) and pregnancy, and the discrimination concerned the terms, conditions and responsibilities of Plaintiff's employment with Defendant.

25.    The ongoing gender and pregnancy discrimination, harassment, retaliation, and hostile work environment were so severe and pervasive that it both objectively and subjectively interfered with Plaintiff's ability to perform her job duties.

4

26.    Defendant's discrimination, harassment, retaliation, and hostile work environment based upon gender, included, but was not limited to, the following:

a.    Defendant Galdoni's agent Bobby, a partner of the LLC, frequently and openly stated in front of Ms. Madsen and other female employees of Defendant Galdoni, that "women are only good for two things, for having sex with, and for having children;"

b.    Defendant Galdoni's agent Bobby, a partner of the LLC, frequently and openly stated that he would have an all male staff if he could;

c.    Defendant Galdoni's agent Bobby, a partner of the LLC, allowed a male customer to harass and swear at Ms. Madsen because his meal was not prepared properly, despite the fact that Bobby knew or should have known it was the "all-male" kitchen staff that had made the mistake because they were drinking alcohol while working;

d.    Defendant Galdoni threatened to terminate Ms. Madsen if she did not return to work within two weeks of delivering her twins;

e.    Defendant Galdoni terminated Ms. Madsen on March 27, 2006, the day after Ms. Madsen took off of work the day before due to the hospitalization of her twins.  On that date Defendant Galdoni employee and Ms. Madsen's direct supervisor Sean Hughes told Ms. Madsen that her twins were becoming a problem and that he was going to cut his losses now.

f.    From September, 2005 to January, 2006, Defendant Galdoni employed a single father of twins, Juan, who frequently took days off of work to take

5

care of his children, without ever being reprimanded for doing so. Defendant Galdoni employee and Ms. Madsen's direct supervisor Sean Hughes told Ms. Madsen that "Juan's bitch of an ex-wife wouldn't help Juan out and watch the kids while they're sick."

g.    Defendant Galdoni otherwise ratified, condoned, supported, and engaged in the discriminatory and harassing conduct alleged herein.

27.    Defendant's discrimination, harassment, retaliation, and hostile work environment towards Plaintiff based upon her pregnancy, included, but was not limited to, the following:

a.    Defendant Galdoni continuously treated Ms. Madsen in an abusive and humiliating fashion and verbally degraded her regarding her usefulness while pregnant and stated repeatedly that women are only good for having sex with and for having babies;

b.    Defendant Galdoni disciplined a pregnant Ms. Madsen for actions that non-pregnant employees would not be disciplined for engaging in;

c.    Defendant Galdoni held a pregnant Ms. Madsen to a higher performance standard than non-pregnant employees;

d.    Defendant Galdoni harassed Ms. Madsen about her appearance while pregnant and made humiliating and embarrassing comments to her about it;

e.    Defendant Galdoni required Ms. Madsen to work abnormally long hours (double-shifts) and perform less desirable jobs/tasks, as compared to other non-pregnant employees;

f.    Defendant Galdoni employee and Ms. Madsen's direct supervisor Sean

Hughes repeatedly referred to Ms. Madsen and her unborn children as detriments to the business;

g.    Defendant Galdoni required Ms. Madsen to work all the way up to her due date and then threatened to terminate Ms. Madsen if she did not return to work within two weeks of delivering her babies;

h.    Defendant Galdoni terminated Ms. Madsen's employment on March 27, 2006 because she complained of the pregnancy discrimination; and

i.    Defendant Galdoni otherwise treated Ms. Madsen differently in the terms, conditions, and responsibilities of her employment, as compared to non-pregnant employees.

28.    Plaintiff repeatedly reported and complained about the gender discrimination and harassment perpetrated against herself to her supervisors, managers and upper management at Vesuvio.

29.    The Plaintiff's supervisors, managers and upper management refused to take any action to investigate, remediate, stop, abate, or otherwise address Plaintiff's complaints and/or the ongoing gender discrimination and harassment perpetrated against Plaintiff.

30.    Defendant ignored, allowed and condoned the egregious harassment and gender discrimination suffered by the Plaintiff, and actually retaliated against Plaintiff for complaining about the conduct.

31.    On or about March 27, 2006, Plaintiff was terminated by Defendant because of her gender (female), pregnancy, and her reports and complaints regarding illegal gender and pregnancy discrimination perpetrated against her.

32.    There was no legitimate non-discriminatory basis for Plaintiff's termination by

7

Defendant.

33.    Plaintiff suffered severe damages as a direct and proximate result of Defendant's illegal conduct, as alleged herein.

34.    Plaintiff was a dedicated, hardworking employee that contributed to Defendant in a substantial and meaningful manner.  On and before the date of her termination, Plaintiff was performing all of her job responsibilities in a manner that met or exceeded Defendant's legitimate business expectations.

35.    Defendant's unlawful and discriminatory actions, including Plaintiff's termination, were intentional, malicious and knowing.  The discriminatory conduct, as alleged herein, was engaged in, instigated by, encouraged by, ratified by, and condoned by Defendant with the intent to violate applicable state and federal laws.

36.    The alleged harassment and discrimination stemmed from a gender-based animus.

37.    Defendant's unlawful, illegal and discriminatory actions as alleged herein have caused Plaintiff great emotional anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

38.    All allegations herein are pled in the alternative to the extent necessitated for viable construction under applicable state and/or federal law.

## COUNT I

**(DISCRIMINATION AND HARASSMENT BASED ON GENDER IN VIOLATION OF TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.)**

39.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

8

40.    Plaintiff was an employee of the Defendant, Vesuvio Café.

41.    Plaintiff Madsen is female.

42.    Plaintiff always performed her duties to the legitimate expectations of her employer.

43.    Plaintiff has suffered adverse job actions.

44.    Defendant Vesuvio treated similarly situated male employees more favorably than the Plaintiff was treated, as alleged herein.  Defendant intended to, knowingly engaged in, condoned and/or ratified severe gender discrimination, harassment, retaliation and hostile work environment, as alleged herein.

45.    The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her gender, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

46.    At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against, harassing, retaliating against and permitting a hostile work environment for Plaintiff based on her gender.  Defendant had a duty under Title VII to prevent the ongoing hostile work environment.

47.    Plaintiff reported the gender discrimination, unequal treatment, harassment, and hostile work environment on numerous occasions to management and supervisory employees of Defendant.

48.    Despite knowledge of the severe and pervasive hostile work environment, discrimination and harassment based on gender, and despite repeated reports and complaints by

9

Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination, harassment, hostile work environment, or retaliation.

49.    Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

50.    The discriminatory actions by Defendant, through their management, agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

51.    Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

52.    The actions of Defendant in intentionally engaging in and condoning gender discrimination, harassment, hostile work environment and retaliation against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damage.

53.    There is a causal connection between the Plaintiff's gender and the dissimilar treatment suffered by Plaintiff at the hands of the Defendant, Vesuvio.

## COUNT II

**(HOSTILE WORK ENVIRONMENT BASED ON GENDER IN VIOLATION OF TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.)**

54.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

55.    Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of Title VII.

56.    The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise causing a hostile work environment for Plaintiff because of her gender, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

57.    At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against, harassing, retaliating against and permitting a hostile work environment for Plaintiff based on her gender.  Defendant had a duty under Title VII to prevent the ongoing hostile work environment.

58.    Plaintiff reported the gender discrimination, unequal treatment, harassment, and hostile work environment on numerous occasions to management and supervisory employees of Defendant.

59.    Despite knowledge of the severe and pervasive hostile work environment, discrimination and harassment based on gender, and despite repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination, harassment, hostile work environment, or

retaliation.

60.    Almost daily, Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

61.    The hostile work environment to which the Plaintiff was subjected was so severe and pervasive that it unreasonably interfered with her work performance.

62.    The discriminatory actions by Defendant, through its management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

63.    Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

64.    The actions of Defendant in intentionally engaging in and condoning the hostile work environment, discrimination, harassment, and retaliation against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

65.    There is a causal connection between the Plaintiff's gender and the dissimilar treatment suffered by Plaintiff at the hands of the Defendant, Vesuvio Café.

12

## COUNT III

### (VIOLATIONS OF THE PREGNANCY DISCRIMINATION ACT OF 1978, AMENDMENT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A. § 2000E(K))

66.     Plaintiff incorporates and realleges all preceding paragraphs as if fully set forth herein.

67.     The Pregnancy Discrimination Act of 1978, amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(k) prohibits discrimination on the basis of pregnancy. The Pregnancy Discrimination Act, 42 U.S.C.A. §2000e(k) includes the following:

> (k)     The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 703(h) of this title [42 USC § 2000e-2(h)] shall be interpreted to permit otherwise.  This subsection shall not require an employer to pay for health insurance benefits for abortion, except where the life of the mother would be endangered if the fetus were carried to term, or except where medical complications have arisen from an abortion: *provided*, That nothing herein shall preclude an employer from providing abortion benefits or otherwise affect bargaining agreements in regard to abortion.

68.     42 U.S.C.A. §2000e-2 provides:

**§ 2000e-2.  Unlawful employment practices.**

(a)     Employer practices.  It shall be an unlawful employment practice for an employer:

(1)    to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2)    to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

(b)    Employment agency practices.  It shall be unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin.

(c)    Labor organization practices.  It shall be an unlawful employment practice for a labor organization—

(1)    to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;

(2)    to limit, segregate, or classify its membership or applicants for membership, or to classify or fail to refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as

14

an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or

(3)    to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

69.    Plaintiff Madsen was a pregnant employee of Defendant within the meaning of employee as defined under 42 U.S.C.A. §2000e(f).

70.    Defendant was an employer under 42 U.S.C.A. §2000e(b) which defines an "employer" to include a person engaged in an industry affecting commerce who has 15 or more employees for at least 20 calendar weeks in the current or preceding calendar year.

71.    Defendant was aware that Plaintiff was pregnant.

72.    Defendant discriminated against Plaintiff Madsen because of her pregnancy as detailed above and throughout the Complaint.

73.    Defendant knew about the pregnancy discrimination, knew about the hostile work environment, and knew that it was terminating Plaintiff Madsen on the basis of her pregnancy. Defendant did nothing to stop the discrimination against Plaintiff.

74.    There was no legitimate non-discriminatory basis for the termination of Plaintiff.

75.    Plaintiff suffered severe damages as a direct and proximate cause of Defendant's violations as alleged herein.

76.    All of Defendant's actions were willful, wanton and done in utter disregard for Plaintiff.

77.    By reason of the foregoing, Defendant deprived Plaintiff of certain benefits, privileges and terms and conditions of employment and denied her employment because of her pregnancy, to her damage and injury.

78.    The actions of Defendant in discharging Plaintiff caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

## COUNT IV

**(RETALIATION AND UNLAWFUL DISCHARGE
IN RETALIATION FOR EXERCISE OF RIGHTS UNDER
TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.)**

79.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

80.    Plaintiff complained about, reported, and protested against Defendant's unlawful employment practices under Title VII, as alleged herein.

81.    The Plaintiff complained of ongoing and repeated gender and pregnancy discrimination perpetrated against her, a hostile work environment, and unequal and adverse treatment of employees and customers based on her gender (female) and pregnancy.

82.    On March 27, 2006, in retaliation for Plaintiff's complaints, reports, and protests of unlawful discrimination, harassment, retaliation, and hostile work environment, Defendant unlawfully terminated Plaintiff from her employment.

83.    There was no legitimate non-discriminatory and/or non-retaliatory basis for Plaintiff's discharge from Defendant.

84.    At all relevant times herein, Plaintiff was performing all of her job duties in a manner that met or exceeded Defendant's legitimate business expectations.

85.    The discriminatory actions by Defendant, through its management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

16

86.     Defendant, by and through its agents, discharged Plaintiff when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

87.     The actions of Defendant in discharging Plaintiff caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

## COUNT V

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

88.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

89.     Plaintiff was an employee of the Defendant.

90.     Plaintiff fulfilled her job duties with skill and expertise.

91.     Defendant's severe and outrageous acts, including, but not limited to, (1) telling Plaintiff that her children were a detriment to its business and (2) allowing friends and acquaintances to verbally abuse Plaintiff, or substantially similar conduct, insults, comments and degradations, hostile environment and retaliatory environment, were actions that amounted to extreme and outrageous conduct.

92.     Defendant's acts were perpetrated with the intent to cause the Plaintiff severe emotional distress.

93.     Defendant's acts were perpetrated with such recklessness as to cause the Plaintiff severe emotional distress.

94.     The Plaintiff did, in fact, experience extreme emotion distress, in that she lost

17

sleep, increased nervousness and anxiety, loss of appetite and bouts of crying and depression.

95.     By the extreme emotional distress the Plaintiff was thereby damaged.

96.     The Defendant's acts, actions and inaction directly and proximately caused the Plaintiff's severe emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

i.      Acceptance of jurisdiction of this cause;

ii.     A declaratory judgment that the employment practices challenged herein are illegal and violative of the rights secured to Plaintiff;

iii.    An Order requiring the Defendants to initiate and implement programs that:  (i) provide equal employment opportunities and a non-hostile work environment for female employees; (ii) remedy the effects of the Defendant's past and present unlawful employment practices; and (iii) eliminate the continuing effects of the discriminatory practices described herein above;

iv.     Damages sufficient to compensate Plaintiff for her injuries;

v.      Reinstatement or Front Pay;

vi.     Back Pay, inclusive of lost wages and any benefits;

vii.    Lost Future Earnings;

viii.   Pre-judgment and post-judgment interest;

ix.     Punitive damages;

x.      Reasonable attorney's fees pursuant of 42 U.S.C. 1988 and other statutory provisions;

xi.     An award of litigation costs and expenses; and

xii.    Any and all other relief that this Honorable Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.


Dated: November 27, 2007                    Respectfully submitted,


/s/  Stephen W. Fung
Robert M. Foote, Esq. (#03124325)
Stephen W. Fung, Esq. (#06289522)
FOOTE, MEYERS, MIELKE & FLOWERS, LLC
28 N. First St.
Suite 2
Geneva, Illinois 60134
Telephone: (630) 232-6333
Facsimile:  (630) 845-8982

Kathleen C. Chavez (#6255735)
CHAVEZ LAW FIRM, P.C.
28 N. First St.
Suite 2
Geneva, Illinois 60134
Telephone: (630) 232-4480
Facsimile:  (630) 845-8982

Peter L. Currie, Esq. (#06281711)
THE LAW FIRM OF PETER L. CURRIE, P.C.
536 Wing Lane
Saint Charles, Illinois 60174
Telephone: (630) 862-1130
Facsimile:  (630) 845-8982

*Attorneys for Plaintiff*

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy act statement before Completing this form.

AGENCY
[X] FEPA
[X] EEOC

CHARGE NUMBER
440-2006-03843

| Illinois Department of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Diane Madsen | (224) 623-1851 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 524 S. Edison Avenue, Elgin, Illinois 60123 | | 12/22/1967 |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** *(If more than one, list below).*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Galdoni, LLC d/b/a Cafe Vesuvio | 15+ | (708) 409-1111 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2 Westbrook Corporate Center, Westchester, Illinois 60154 | | Cook |

| NAME | TELEPHONE (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

**CAUSE OF DISCRIMINATION BASED ON** *(Check appropriate box (es))*

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[ ] RETALIATION   [ ] AGE   [ ] DISABILITY   [X] OTHER

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA)    LATEST (ALL)
04/05/05 -- 03/27/06

[ ] CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional space is needed, attach extra sheet(s))*

See attached

MAY - 1 2006

"OFFICIAL SEAL"
KATHERINE L. RAUCH
Notary Public, State of Illinois
My Commission Expires 05/17/08

| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (when necessary for State and Local Requirements) I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT              DATE |
| | X Diane M. Madsen                 04/28/06 |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| **Notary Public Seal** | |

## ADENDUM TO CHARGE OF DISCRIMINATION
### Diane Madsen vs. Galdoni Balagio LLC, d/b/a Vesuvio Cafe
### Page 1 of 5

**I. Complainant was continuously discriminated against and subjected to a hostile work environment on the basis of her gender in violation of Title VII Civil Rights Act of 1964, §701 *et. seq.*, as amended, 42 U.S.C.A. §2000 *et. seq.*, and/or the Illinois Human Rights Act, 775 ILCS 5/2-101 *et. seq.*   In violation of said statutes, Respondent retaliated against Complainant for her reports/complaints of discrimination/harassment and hostile work environment.  The discrimination and hostile work environment on the basis of her gender occurred on an ongoing and continuous basis commencing in April 2005, and continuing to the date of her unlawful termination (adverse employment action) on March 27, 2006.**

1. Complainant was an employee of Respondent from on or about April 2005, through the date of her unlawful termination on March 27, 2006.

2. Complainant is female.  Complainant is a qualified, competent, and dedicated employee that has been subjected to egregious gender discrimination on many occasions.

3. Respondent intended to discriminate against Complainant on the basis of her gender and permitted, ratified, encouraged, allowed, and otherwise created a hostile work environment.   The gender discrimination concerned the terms, conditions and responsibilities of Complainant's employment with Respondent.

4. Respondent's ongoing gender discrimination was so severe and/or pervasive that it both subjectively and objectively created a hostile work environment and interfered with Complainant's ability to adequately perform her job responsibilities.

5. Respondent condoned and otherwise allowed, through inaction, Complainant to be repeatedly discriminated against and harassed by multiple managers and partners, including, but not limited to, Sean Hughes (General Manager) and Bobby (Partner).  Complainant made routine and repeated complaints to Respondent's employees in authority, about the gender discrimination and hostile work environment.   Complainant was required to work in a hostile, offensive, lewd, and outrageous environment, heavily charged with discrimination, which included, but was not limited to, the following:

    a. Bobby (Partner of the LLC) frequently and openly stated in front of Complainant and other female employees of Respondent, that "women are only good for two things, for having sex with, and for having children";

    b. Bobby frequently and openly stated that he would have an all male staff if he could;

## ADENDUM TO CHARGE OF DISCRIMINATION
### Diane Madsen vs. Galdoni Balagio LLC, d/b/a Vesuvio Cafe
### Page 2 of 5

c. Bobby frequently stated to Complainant that she was a detriment to the business because she has children;

d. Bobby allowed a male customer (a friend of his) to harass and swear at Complainant because his meal was not prepared properly, despite the fact that Bobby knew or should have known that it was the "all male" kitchen staff that had made the mistake because they were drinking alcohol while working;

e. Complainant witnessed severe gender discrimination and harassment of a former manager (Denise Nardoni, the grand-daughter of one of the other partners), whereby Bobby would tell everyone how incompetent Denise was at her job. The discrimination and harassment was pervasive enough to cause Denise to resign from her job;

f. Respondent threatened to terminate Complainant if she did not return to work within two weeks of delivering her twins;

g. Respondent unlawfully terminated Complainant on March 27, 2006, because of her gender.

h. Defendant discriminated against Complainant because of her pregnancy and because she was a single mother with twins. For example, Complainant had called in the day before and cleared it with her supervisor (Denise) that she could the day off because her twins were in the hospital, contagious with rota virus and pinkeye. The next day, Complainant was terminated by Sean Hughes (General Manager) because she had taken the day off. Sean stated tht Complainant's twins were becoming a problem and that he was going to cut his losses now.

i. From on or about September 2005 through January 2006, Respondent employed a single father of twins, named Juan (also a server). Juan called in to take the day off on numerous occasions because he needed to care for his children. Juan was never disciplined and/or reprimanded for taking time off to care for his twins. In fact, Sean Hughes would make comments such as "Juan's bitch of an ex-wife wouldn't help Juan out and watch the kids while they're sick." Juan voluntarily quit in January 2006 to take another job. In comparison, Complainant was harassed, reprimanded and ultimately unlawfully terminated when she needed time off of work to care for her sick infants that were hospitalized.

**ADENDUM TO CHARGE OF DISCRIMINATION**
**Diane Madsen vs. Galdoni Balagio LLC, d/b/a Vesuvio Cafe**
**Page 3 of 5**

6. At all times relevant herein, Complainant has performed all of her job duties/responsibilities in an outstanding manner and there was no legitimate non-discriminatory reason for the discriminatory and harassing treatment and retaliation alleged herein.

7. Respondent knowingly ignored, allowed and condoned conducts intended to harass, humiliate and degrade Complainant, with intentional malice and knowledge that it was violating federal and state laws prohibiting said conduct.

8. Complainant was a dedicated, hardworking and loyal employee that contributed to Respondent's business in a substantial and meaningful manner.

9. Respondent's unlawful and discriminatory actions and hostile work environment, as alleged herein, were egregious. Respondent has done nothing to reprimand, discipline or discharge Bobby or Sean Hughes, and/or any other offending manager, supervisor or co-worker, and rather, continued to condone the conduct alleged herein and otherwise foster a hostile work environment heavily charged with discrimination.

10. Complainant repeatedly complained about the harassment, gender discrimination and hostile work environment and unlawful and illegal treatment, as alleged herein, but Respondent took no action to remediate, discipline, or otherwise stop and/or prevent the ongoing illegal discrimination and harassment. Rather, Respondent ignored, allowed and condoned the egregious harassment and gender discrimination suffered by the Complainant, and actually retaliated against Complainant for complaining about the conduct.

11. Respondent's illegal actions as alleged herein have caused severe and egregious injury and damage to Complainant.

**II. Respondent discriminated against and harassed Complainant on the basis of her pregnancy and unlawfully terminated Complainant for complaining against and opposing the pregnancy discrimination in violation of the Pregnancy Discrimination Act of 1978, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §2000e (k) and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et. seq.* The pregnancy discrimination and harassment was ongoing and continuous in nature for a period of time commencing November 2005 and continuing until her unlawful termination on March 27, 2006.**

1. Complainant was an employee of Respondents' from April 2005 through the date of her unlawful termination on March 27, 2006.

# ADENDUM TO CHARGE OF DISCRIMINATION
## Diane Madsen vs. Galdoni Balagio LLC, d/b/a Vesuvio Cafe
## Page 4 of 5

2. Complainant is female.  Complainant was pregnant during the time May 2005 through January 6, 2006.

3. Complainant was an excellent employee who performed all of her job responsibilities in an outstanding manner.

4. In June of 2005, Respondent became aware that Complainant was pregnant.

5. When Complainant began showing during November of 2005, Respondent, through its agents and employees (Complainant's managers and supervisors) began discriminating against and harassing Complainant because of her pregnancy.   The discrimination and harassment included, however, was not limited to, the following:

   a. Respondent's partial owner (partner) Bobby, and Respondent's general manager, Sean Hughes, repeatedly harassed Complainant about her pregnancy and ultimately terminated her in retaliation for complaining about the pregnancy discrimination.   The offensive and unwelcome pregnancy discrimination, harassment and retaliation directed by Respondent, at Complainant, included, but was not limited to the following:

      1. Treating her in an abusive and humiliating fashion and verbally degrading her about her usefulness while pregnant and stating repeatedly that women are only good for having sex with and for having babies;

      2. Disciplining Complainant for actions that non-pregnant employees would not be disciplined for engaging in;

      3. Holding Complainant to a higher performance standard than non-pregnant employees;

      4. Harassing Complainant about her appearance and making humiliating and embarrassing comments to Complainant;

      5. Requiring Complainant to work abnormally long hours (double-shifts) and perform less desirable jobs/tasks, as compared to other non-pregnant employees;

## ADENDUM TO CHARGE OF DISCRIMINATION
### Diane Madsen vs. Galdoni Balagio LLC, d/b/a Vesuvio Cafe
### Page 5 of 5

6. Repeatedly referred to Complainant and her unborn children as "detriments" to the business;

7. Requiring Complainant to work all the way up to her due date and then threatening to terminate Complainant if she did not return to work within two weeks of delivering her twins;

8. Otherwise treated Complainant differently in the terms, conditions, and responsibilities of her employment, as compared to non-pregnant employees; and

9. Terminated Complainant because she complained of the pregnancy discrimination.

6. Complainant was otherwise treated differently (less favorably) in the terms, conditions and responsibilities of her job from the moment that Respondent knew she was pregnant.

7. Despite knowledge of the pregnancy discrimination, Respondent took no action to investigate, stop, mitigate, prevent, address, or otherwise remediate the harassment and discrimination. Respondent intended to allow, ratify, and/or engage in the pregnancy discrimination, harassment and retaliation alleged herein.

8. Respondent terminated Complainant from her position on March 27, 2006, for complaining of the pregnancy discrimination.

9. There was no legitimate non-discriminatory basis for Complainant's termination.

10. Respondent's actions were knowing, intentional, and malicious. The discriminatory and harassing conduct, as alleged herein, was engaged in, instigated by, encouraged by, ratified by, and condoned by Respondent. Respondent knew and intended that its conduct violate applicable federal and state laws.

11. Complainant suffered severe injury and damage as a direct and proximate result of Respondent's discrimination, harassment, and retaliation in the form of unlawful termination of Complainant because of her pregnancy.

# EXHIBIT B

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Diane Madsen**<br>524 South Edison Avenue<br>Elgin, IL 60123<br><br>**CERTIFIED MAIL  7099 3400 0018 8818 6558** | From:  **Chicago District Office**<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2006-03843 | **Janel  Smith,<br>Investigator** | **(312) 353-9194** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

[X]  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**John P. Rowe,<br>District Director**

8/30/07

*(Date Mailed)*

Enclosures(s)

cc:     **GALDONI, LLC (D/B/A CAFE VESUVIO)**